ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ROBERTO ECHEVARRÍA PUPO T/C/C ROBERTO HECHEVARRÍA PUPO<br><br>Peticionario | TA2025CE00728 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: CIS2018G0025<br><br>Sobre: Arts. 142, 144 y 289 del CP |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

Comparece Roberto Echevarría Pupo, t/c/c Roberto Hechevarría Pupo ("señor Echevarría Pupo" o "Peticionario"), por derecho propio y en forma *pauperis*, mediante recurso de *certiorari* y nos solicita que revisemos una *Resolución* emitida el 30 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). En virtud del referido dictamen, el TPI declaró No Ha Lugar una solicitud al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, instada por el peticionario, bajo el fundamento de que existía una sentencia final y firme.

Por los fundamentos que proceden, se expide el auto de *certiorari* y se *revoca* la determinación recurrida.

## I.

El 18 de junio de 2019, el señor Echevarría Pupo fue sentenciado a: 1 año de prisión, por amenaza a testigos; 5 años y 6 meses de prisión, por el delito de actos lascivos contra una víctima que al momento de los hechos no había cumplido 16 años; 10 años de prisión por la tentativa de agresión

sexual; y 20 años de prisión por el delito de agresión sexual contra una víctima que al momento de los hechos no había cumplido 16 años.

Surge del expediente que, el 17 de septiembre de 2025, el peticionario instó ante el TPI una *Moción al amparo de la Regla 192.1.* En síntesis, alegó que no contó con una defensa adecuada durante el juicio en su fondo. Aquilatada la petición, el 26 de septiembre de 2025, notificada el 30 de septiembre de 2025, el foro de instancia dispuso lo siguiente:

> No Ha Lugar. Del expediente sur[g]e la radicación de una apelación, una sentencia por parte de apelativo con fecha del 30 de agosto de 2020 y una Resolución del Tribunal Supremo con fecha del 20 de enero de 2022.

Inconforme, el 29 de octubre de 2025, el señor Echevarría Pupo acudió ante esta Curia, por derecho propio y en forma *pauperis*, mediante un recurso de *certiorari* intitulado *Moción Apelando Resolución del Hon. Tribunal de Primera Instancia Arecibo.* Señaló que el TPI incidió al fundamentar su denegatoria en los recursos de apelación presentados por el peticionario.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016). Por tanto, la expedición del auto de *certiorari*

descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance,* supra; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 192.1 de Procedimiento Criminal, *supra,* permite que un convicto impugne una sentencia condenatoria en cualquier momento, a pesar de que haya advenido final y firme. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 371 (2020). Una moción fundamentada en esta regla deberá presentarse ante el tribunal que dictó la sentencia impugnada. Regla 192 de Procedimiento Criminal, *supra.*

Los fundamentos para atacar una sentencia mediante este mecanismo se limitan a planteamientos de derecho. *Pueblo. v. Pérez Adorno,* 178 DPR 946, 966 (2010); *Pueblo v. Román Mártir*, 169 DPR 809, 824 (2007). A esos efectos, los fundamentos disponibles para atacar una

sentencia, conforme a la precitada regla, son los siguientes: (1) la sentencia fue impuesta en violación a la Constitución o a las leyes del Estado Libre Asociado de Puerto Rico o a la Constitución y las leyes de Estados Unidos; (2) el tribunal no tenía jurisdicción para imponer esa sentencia; (3) la sentencia impuesta excede la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. *Pueblo v. Rivera Montalvo, supra*, pág. 371; Regla 192.1 de Procedimiento Criminal, *supra*.

Ante el hecho de que el procedimiento provisto por la referida regla es de naturaleza civil, el peticionario deberá demostrar que tiene derecho al remedio solicitado. *Pueblo v. Román Mártir, supra*, pág. 826. La norma procesal establece que se considerarán renunciados todos los fundamentos no incluidos en la moción, excepto cuando el tribunal determine que no pudieron razonablemente presentarse en la moción original. *Íd.*, págs. 823-824. Para prevalecer mediante esta moción, se deberá evidenciar preponderantemente que en el proceso penal se cometieron errores de derecho tan fundamentales que tornan ilegal la sentencia y "contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo". *Pueblo. v. Pérez Adorno, supra*, págs. 165-166.

A su vez, le corresponde al peticionario poner al tribunal en condiciones de resolver, a través de datos y argumentos concretos que se debe celebrar una vista para atender sus planteamientos. *Íd.*, pág. 827. La precitada regla dispone que el juez celebrará una vista, a menos que tanto de la moción como del expediente del caso surja concluyentemente que el peticionario no tiene derecho a remedio alguno al amparo de la regla. Regla 192.1 de Procedimiento Criminal, *supra*; *Pueblo v. Rivera Montalvo, supra*, pág. 371.

### III.

En el recurso que nos ocupa, el señor Echevarría Pupo arguye que el foro de instancia incidió al denegar su moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, bajo el fundamento de que existía

una Sentencia emitida por un Panel Hermano y una Resolución dictada por el Tribunal Supremo.

Puntualizamos que, al denegar la solicitud, el foro de instancia dispuso lo siguiente:

> No Ha Lugar. Del expediente sur[g]e la radicación de una apelación, una sentencia por parte de apelativo con fecha del 30 de agosto de 2020 y una Resolución del Tribunal Supremo con fecha del 20 de enero de 2022.

Se desprende que el TPI basó su determinación bajo la única razón de que, en el caso de autos, existe una de sentencia final y firme. Según discutido, una solicitud en virtud de la Regla 192.1 de Procedimiento Criminal, *supra*, se podrá presentar en cualquier momento, aun cuando la sentencia que se impugna sea final y firme. El hecho de que exista una sentencia final y firme, de por sí, no constituye una razón válida para denegar una moción de esta índole.

Además, resulta preciso señalar que, según la Regla 192.1, *supra*, presentada la solicitud, el tribunal debe señalar prontamente la vista de dicha moción, a menos que determine que, de "la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno". Véase, *Pueblo v. Pérez Adorno, supra*; *Pueblo v. Rivera Montalvo, supra*. La regla no confiere discreción al tribunal para negarse a celebrar la vista cuando de la moción y del expediente del caso no surge concluyentemente que la persona no tiene derecho al remedio que confiere la regla. *Pueblo v. Rivera Montalvo, supra*, pág. 375.

En virtud de lo anterior, resulta forzoso concluir que el foro de instancia incidió al fundamentar su denegatoria en el hecho de que existe una sentencia final y firme. Advertimos que, nuestra determinación no se debe entender como una adjudicación sobre los méritos de la solicitud instada por el señor Echevarría Pupo.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *certiorari* solicitado y se *revoca*

la determinación recurrida. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Arecibo, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones